IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00383-BNB

THERON JOHNNY MAXTON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
BOP DIRECTOR, Washington D.C.,
T. K. COZZA-RHODES, Warden FCI,
CHARLES DANIEL, Warden FCI,
S. COLLINS, Health Service USP, and
LT. ANTHONY, USP Florence,

    Defendants.

---

### ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS

---

Plaintiff, Theron Johnny Maxton, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Mr. Maxton has filed *pro se* a Prisoner Complaint (ECF No. 1) claiming that his rights under the United States Constitution have been violated. Mr. Maxton also has filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 6). On March 5, 2012, the court ordered Mr. Maxton to show cause why the 28 U.S.C. § 1915 motion should not be denied because he is subject to the filing restriction in § 1915(g). On April 2, 2012, Mr. Maxton filed his response to the court's show cause order (ECF No. 8). For the reasons stated below, Mr. Maxton will be allowed to proceed *in forma pauperis* in this action.

In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The court may take judicial notice of its own records and the records of other courts in determining whether Mr. Maxton has three or more prior dismissals that count as strikes for the purposes of § 1915(g).  *See Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996).  Furthermore, the court may count actions dismissed prior to the enactment of § 1915(g) and the Prison Litigation Reform Act in applying § 1915(g).  *Id.* at 420.

The court noted in the order to show cause that Mr. Maxton has initiated more than three actions in a court of the United States while he was incarcerated or detained in any facility that were dismissed as frivolous.  *See Maxton v. Murray*, No. 0:00-3343-18BD (D.S.C. Nov. 16, 2000) (describing Mr. Maxton as "the strikeout king of South Carolina" because he "has filed over one hundred separate cases, most of which have been determined to be frivolous.").  The court also determined that Mr. Maxton's allegations regarding physical assaults in August and September 2011 were not sufficient to demonstrate imminent danger of serious physical injury at the time the instant action was filed in February 2012.

Mr. Maxton does not dispute that he has filed at least three prior actions that were dismissed as frivolous in his response to the court's show cause order.  Instead, he contends that he should be allowed to proceed *in forma pauperis* because he still is

in imminent danger of serious physical injury.  He alleges in support of this contention that prison officials in March 2012, as they have done previously, arranged to have a gang member housed with him in order to have him killed and that the gang member actually tried to kill him.

"There is only one exception to the prepayment requirement in § 1915(g)," and a prisoner with three or more strikes who seeks to fall within that exception must "make specific, credible allegations of imminent danger of serious physical harm."  *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (internal quotation marks omitted).  Vague and conclusory assertions of harm will not satisfy the requirement of § 1915(g).  *See White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).  Furthermore, allegations of past injury or harm are not sufficient.  *See Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008).  "Every circuit to have decided the issue so far has concluded that the statute's use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint."  *Hafed*, 635 F.3d at 1179 (collecting cases).

Accepting Mr. Maxton's allegations in his response to the court's show cause order as true, *see Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008), the Court finds that Mr. Maxton alleges facts that satisfy the imminent danger exception in § 1915(g).  *See Hafed*, 635 F.3d at 1180 (stating that credible and uncontroverted allegations of physical threats and attacks are sufficient to demonstrate imminent danger of serious physical injury).  Therefore, the order to show cause will be discharged and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 will be granted.  Mr. Maxton will be allowed to proceed without payment

of an initial partial filing fee pursuant to § 1915(b)(4) because the account statement he has submitted indicates he lacks sufficient funds to pay an initial partial filing fee. Accordingly, it is

ORDERED that the Order to Show Cause (ECF No. 7) filed March 5, 2012, is DISCHARGED.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 6) is GRANTED.  Plaintiff shall be required to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1) regardless of the outcome of this action.  It is

FURTHER ORDERED that, after payment of the initial partial filing fee, Plaintiff shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month why he has no assets and no means by which to make the monthly payment.  In order to show cause, Plaintiff must file a current certified copy of his trust fund account statement. Plaintiff is directed to make the necessary arrangements to have each monthly payment identified by the civil action number on this order.  It is

FURTHER ORDERED that if Plaintiff fails to have the required monthly payments sent to the clerk of the court or to show cause as directed above why he has no assets and no means by which to make the monthly payments, the Prisoner Complaint will be dismissed without further notice.  It is

FURTHER ORDERED that Plaintiff's motion for order (ECF No. 9) filed on April 2, 2012, is DENIED.

DATED April 3, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge