IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00383-WYD-BNB

THERON JOHNNY MAXTON, # 85599-071,

Plaintiff,

v.

UNITED STATES OF AMERICA;
BOP DIRECTOR, Washington, D.C.;
T.K COZZA-RHODES, Warden F.C.I.;
CHARLES DANIEL, Warden F.C.I.;
S. COLLINS, Health Service, U.S.P.;
LT. ANTHONY, U.S.P. Florence,

Defendants.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion to Remove Magistrate Judge Boyd N. Boland** [Doc. #50, filed 11/19/2012] (the "Motion"). The Motion is DENIED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

On February 13, 2012, the plaintiff filed his Prisoner Complaint [Doc. #1] and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [Doc. #2]. The Prisoner Complaint is filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and alleges that prison officials have assaulted and beaten the

plaintiff and tried to have him killed in retaliation for his complaints about inadequate medical treatment.

On February 17, 2012, as a part of the court's initial review pursuant to D.C.COLO.LCivR 8.2, I ordered the plaintiff to cure the deficiencies [Doc. #4] in his motion for leave to proceed *in forma pauperis*. Specifically, I ordered the plaintiff to submit a copy of his prisoner trust fund statement and to resubmit the motion on the proper form. I warned the plaintiff that his failure to cure deficiencies would result in dismissal of the action without prejudice.

On March 2, 2012, the plaintiff submitted his motion on the proper form and included a copy of his prisoner trust fund statement [Doc. #6]. On March 5, 2012, I ordered [Doc. #7] the plaintiff to show cause why the motion for leave to proceed *in forma pauperis* should not be denied because he is subject to the filing restriction in 28 U.S.C. § 1915(g). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

I stated:

> The court's research indicates that Mr. Maxton has initiated at least three actions in a court of the United States while he was incarcerated or detained in any facility that were dismissed as frivolous. *See Maxton v. Murray*, No. 0:00-3343-18BD (D.S.C. Nov. 16, 2000) (describing Mr. Maxton as "the strikeout king of South Carolina" because he "has filed over one hundred separate cases, most of which have been determined to be frivolous.").

I warned the plaintiff that failure to show cause within the time allowed would result in a denial of his motion to proceed *in forma pauperis*. The plaintiff filed a response [Doc. #8] on April 2, 2012. On April 3, 2012, I found [Doc. #10] that the plaintiff's response contained allegations sufficient to satisfy the imminent danger exception in section 1915(g). I discharged the order to show cause and granted the plaintiff's motion to proceed *in forma pauperis*. I ordered that the case be randomly drawn to a district judge and a magistrate judge [Doc. #11].

On October 22, 2012, the plaintiff filed a motion [Doc. #39] to "remove" the magistrate judge so he could "personally kill" her "for being racist and prejudiced towards prisoners, taking the defendants side." The magistrate judge recused herself from the case on October 31, 2012 [Doc. #41],[1] and the case was randomly drawn to me [Doc. #44].

On November 1, 2012, the plaintiff filed a letter [Doc. #42]. On November 6, 2012, I struck the letter [Doc. #46] because it was illegible; was not in the form of a motion as required by Rule 7, Fed.R.Civ.P.; did not contain a certificate of service on defendants' counsel as

---

[1] In her order, the magistrate judge noted that "[t]hreatening judicial officers is nothing new to the Plaintiff. Plaintiff, 'an inmate in the South Carolina state correctional system, was convicted in the United States District Court for the District of South Carolina of violating 18 U.S.C. § 876 by sending a letter to federal Magistrate Charles Gambrell threatening to kill him.' *United States v. Maxton*, 940 F.2d 103, 104 (4th Cir. 1991). That court observed, '[a]fter this trial, during which Gambrell testified, Maxton wrote another letter to the magistrate, again threatening his life. For sending this letter, on December 18, 1989, Maxton was convicted in district court of again violating 18 U.S.C. § 876, as well as violating 18 U.S.C. § 1513. At sentencing on the latter convictions, the Court departed upwardly from the suggested guideline range because of Defendant's extreme recidivism and his egregious serious criminal record.' *Id.* The Fourth Circuit again addressed Mr. Maxton's behavior in 1999, observing that Plaintiff had been convicted of eight counts of 'sending threatening letters through the mail in violation of 18 U.S.C. § 876 and making threats to assault or kill judicial officers or their families in retaliation for the performance of their official duties in violation of 18 U.S.C. § 115.' *United States v. Maxton*, 182 F.3d 911, *1 (4th Cir. 1999). That court observed that Plaintiff was apparently 'incarcerated on state charges both at the time he committed the federal offenses and at the time of trial . . . .' *Id.*"

required by Rule 5, Fed.R.Civ.P.; and was addressed to a judge in violation of D.C.COLO.LCivR 77.2. I ordered that all future papers be legible; submitted in the form of a motion; served on defendants; and accompanied by a proper Certificate of Service. I warned the plaintiff that failure to comply with my order could result in sanctions, including dismissal of this case.

The plaintiff now requests that the court "remove" me from this case for the following reasons:[2]

> [O]n fairness to justice being served, Magistrate Boland, shown bias and prejudiced early on in this case, doing all he could legally to dismiss this case and it take plaintiff five times to get this case finally to court and pass Magistrate Boland who kept trying to dismiss this case for the defendants who he favors, because of them being federal officials plaintiff know by Magistrate Boland pass actions he is prejudice and bias, and if this court dont remove Magistrate Boland, plaintiff will ask the court of appeals to.

The issue of recusal is addressed by two separate statutes. Disqualification of a judge under 28 U.S.C. § 144 requires the following showing:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings.

The statute does not command automatic disqualification. Hall v. Burkett, 391 F. Supp. 237, 240 (D. Okla. 1975). Rather, it is the duty of the judge against whom the affidavit is filed to

---

[2]I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.

4

pass on its timeliness and legal sufficiency.  United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978; Hall, 391 F. Supp. at 240.[3]

A party may also seek the disqualification of a judge under 28 U.S.C. § 455.  Section 455 provides in relevant part:

> (a)  Any justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

The decision to recuse is committed to the sound discretion of the district court.  In exercising that discretion, the Tenth Circuit Court of Appeals has provided the following guidance:

> Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. Conclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification.  Under § 455, the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.  Moreover, there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.

United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992)(internal citations omitted).

Similarly, in United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993), the circuit court reiterated:

---

[3] The plaintiff did not file an affidavit with his motion.

> Thus, in addition to other factors, this and other courts have identified various matters arising in cases where §§ 144, 455(a), or 455(b)(1), which will not ordinarily satisfy the requirements for disqualification . . .: (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law, or has expressed a dedication to upholding the law or a determination to impose severe punishment with the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the [parties], or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media . . .; and (7) threats or other attempts to intimidate the judge.

(Internal citations omitted.)

Especially applicable here is the holding of the United States Supreme Court in Liteky v. United States, 510 U.S. 540, 555-56 (1994):

> It is enough for present purposes to say the following: First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves, (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, these are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

(Original emphasis.)

In this case, the plaintiff appears to allege that I have acted improperly because I have warned him that failure to comply with court rules and orders may result in dismissal of his case. These warnings are not based on personal bias or prejudice; they are fairly routine in *pro se*

cases and are necessary to ensure that a *pro se* plaintiff understands the consequences of failure to comply with court rules and orders.  See Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).

The plaintiff also states that I favor the defendants because they are federal officials.  The plaintiff does not provide any factual basis for this statement, and his unfounded belief that I favor the defendants is insufficient to establish bias.  Cooley, 1 F.3d at 993.

The plaintiff has failed to set forth any reasons to justify my recusal under 28 U.S.C. § 455(a) or 28 U.S.C. § 144.  Stated simply, the plaintiff has presented no facts (nor made any specific allegations) from which a reasonable person could infer or conclude that I am biased or prejudiced against him.  I hold no bias nor enmity against the plaintiff.  Under these circumstances, I am required to continue to serve pursuant to the Order of Reference entered by the district judge.

IT IS ORDERED that the plaintiff's Motion to Remove Magistrate Judge Boyd N. Boland [Doc. #50], is DENIED.

Dated March 6, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge