IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00383-WYD-BNB

THERON JOHNNY MAXTON, # 85599-071,

Plaintiff,

v.

UNITED STATES OF AMERICA;
BOP DIRECTOR, Washington, D.C.;
T.K COZZA-RHODES, Warden F.C.I.;
CHARLES DANIEL, Warden F.C.I.;
S. COLLINS, Health Service, U.S.P.;
LT. ANTHONY, U.S.P. Florence,

Defendants.

**ORDER**

This matter arises on the following motions filed by the defendants:

1. **Defendant United States and BOP Director's Motion to Dismiss for Lack of Jurisdiction** [Doc. #29, filed 06/25/2012] (the "Motion to Dismiss"); and

2. **Defendants Cozza Rhodes, Daniel, Collins, and Anthony's Motion for More Definite Statement** [Doc. #31, filed 07/20/2012] (the "Motion for More Definite Statement").

The Motion for More Definite Statement [Doc. # 31] is GRANTED, and the Motion to Dismiss [Doc. # 29] is DENIED AS MOOT.

The defendants request a more definite statement of the plaintiff's claims pursuant to Rule 12(e), Fed.R.Civ.P. Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Federal Rules of Civil Procedure require that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiff filed his Prisoner Complaint on February 13, 2012 [Doc. #1] (the "Complaint"). The allegations of the Complaint are vague and confusing. The plaintiff describes the nature of his case as follows:[1]

> On August 23rd 2011 9-13-11 9-23-11 and 9-30-11 I were Assaulted and Beaten per AHSA S. Collins having this done out of Retaliation from complaining about a [unintelligible word] medical kill on 2010 and per having U.S. Senator Lindsay Graham having them send me to a urologist, twice Assistant Health Service Administrator S. Collins tried to have me killed out of Revenge and Retaliation with Charles Daniels help and knowledge, then on 9-30-11 S. Collins had Charles Daniels send me across the street per 48 days, knowing [unintelligible word] end up with alot of charges so that they can place me on a Smooth Program, I have been threaten by AHSA S. Collins, Brad Cink, Lt. Anthony and others official here repeatly and denied medical treatment per my prostate and hernia I have been set up a few times to be kill and the Regional Director and BOP Director have refuse to acknowledge this Deputy Director Amber L Nelson done everything she could to help Charles Daniels and S. Collins cover up the inmate death by medical and the way I have been Beaten and Assaulted by these officials

*Complaint*, p. 3.[2]

The plaintiff asserts three claims, but it is impossible to discern their substance. The plaintiff does not make clear the actions or inactions of each defendant and how those actions or inactions violate any particular statutory or constitutional provision.

The Complaint fails to provide notice of the plaintiff's causes of action as required by the Federal Rules of Civil Procedure. Accordingly, the Complaint is stricken, and the plaintiff shall

---

[1] I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.

[2] The Complaint is not consecutively paginated. Therefore, I cite to the pages of the Complaint as they are assigned by the court's docketing system.

submit an amended complaint which complies with the Federal Rules of Civil Procedure and this order.

The proposed amended complaint must be submitted on the court's form and shall be titled "Amended Complaint." The background statement shall briefly summarize the plaintiff's case and shall not exceed one page. Each claim shall be numbered and shall be stated separately. Each claim shall state the legal basis for the claim; identify which defendant(s) the claim is brought against; and allege facts sufficient to state a claim for relief as to each of those defendants. Each claim shall not exceed two pages as to each defendant against whom the claim is brought. The proposed amended complaint shall be legible.

In the Motion to Dismiss, the United States of America and the Director of the BOP (in his official capacity) assert that the claims against them are barred by sovereign immunity. *Motion to Dismiss*, pp. 3-5. Because the Complaint is stricken, the Motion to Dismiss is denied as moot.[3]

IT IS ORDERED:

1. Defendant United States and BOP Director's Motion to Dismiss for Lack of Jurisdiction [Doc. #29] is DENIED AS MOOT;

2. Defendants Cozza Rhodes, Daniel, Collins, and Anthony's Motion for More Definite Statement [Doc. #31] is GRANTED;

3. The Complaint [Doc. # 1] is STRICKEN for failure to comply with Fed. R. Civ. P. 8;

---

[3] In Simmat v. United States Bureau of Prisons, 413 F.3d 1225 (10th Cir. 2005), the Tenth Circuit Court of Appeals held that injunctive relief may be available against the United States and federal officials in their official capacity. The defendants do not discuss Simmat. Any future motions based on sovereign immunity must include a meaningful discussion of Simmat.

4. On or before **April 5, 2013**, the plaintiff shall submit an amended complaint that complies with Fed. R. Civ. P. 8 and this order;

5. The plaintiff's failure to comply with this order may result in a recommendation that the case be dismissed; and

6. The Clerk of the Court shall enclose with this order a copy of the court's complaint form.

Dated March 6, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge