IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00383-WYD-BNB

THERON JOHNNY MAXTON, # 85599-071,

Plaintiff,

v.

UNITED STATES OF AMERICA;
BOP DIRECTOR, Washington, D.C.;
T.K COZZA-RHODES, Warden F.C.I.;
CHARLES DANIEL, Warden F.C.I.;
S. COLLINS, Health Service, U.S.P.;
LT. ANTHONY, U.S.P. Florence,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter arises on the following:

1. Plaintiff's **Motion for a Direct Order and Court Order Directing** [Doc. #52, filed 12/06/2012] (the "First Motion"); and

2. Plaintiff's **Motion for a Court Order Against Defenant TK Cozza-Rhodes Charles Daniels** [Doc. #55, filed 12/12/2012] (the "Second Motion").

I respectfully RECOMMEND that the Motions be DENIED.

The First Motion is largely incomprehensible. The plaintiff requests a restraining order to prevent several prison officials from being "around" him; directing prison officials to "mail out an the plaintiff mail from this date forward"; and directing the United States Marshal "to

arrest any prisons officials that stop plaintiff mail from being mail out."[1]  The Second Motion

seeks an "emergency" order "against defendant T.K. Cozza-Rhodes" for directing prison

officials to deny medical care to the plaintiff and orders directing that plaintiff be sent to a

medical hospital immediately, stopping defendant T.K. Cozza-Rhodes from retaliating against

the plaintiff, and directing that heat be turned on in the plaintiff's room.

The plaintiff seeks both a temporary restraining order and a preliminary injunction.

Where the opposing party has notice, as here, "the procedure and standards for issuance of a

temporary restraining order mirror those for a preliminary injunction."  Emmis Communications

Corp. v. Media Strategies, Inc., 2001 WL 111229, *2 (D. Colo. Jan. 23, 2001).

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief

is clearly established.  Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964).  The burden is on

the movant to establish his right to the relief requested.  Penn v. San Juan Hospital, Inc., 528

F.2d 1181, 1185 (10th Cir. 1975).  To obtain a preliminary injunction under Rule 65(a), the

plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the

threatened injury to the moving party outweighs whatever damage the proposed injunction may

cause the opposing party; (3) the injunction, if issued, would not be adverse to the public

interest; and

(4) there is a substantial likelihood that the moving party will eventually prevail on the merits.

Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980).  The plaintiff's right to relief must be clear

and unequivocal.  Penn, 528 F.2d at 1185.

---

[1]I have quoted the plaintiff's filings as written, without correction or acknowledgment of
error.

The following kinds of preliminary injunctions are disfavored:  (1) those that disturb the status quo; (2) those that are mandatory as opposed to prohibitory; and (3) those that afford the movant substantially all the relief he may recover at the conclusion of a full trial on the merits. SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096 1098-99 (10th Cir. 1991).  "[A]ny preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."  O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004).  The plaintiff seeks both a mandatory injunction and an injunction that would disturb the status quo.[2]  Therefore, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms."  Id. at 976.

The plaintiff does not discuss any of the Lundgrin factors.[3]  Consequently, he has not sustained his burden to establish clearly and unequivocally his right to injunctive relief.

I respectfully RECOMMEND that the Motions be DENIED.[4]

_____

[2]Mandatory injunctions "affirmatively require the nonmovant to act in a particular way." SCFC, 936 F.2d  at 1099.  Injunctions that disturb the status quo alter the parties existing relationship. Id. at 1100.  "The status quo is not defined by the parties' existing legal rights; it is defined by the reality of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights." Id. (emphasis in original).

[3]Indeed, the Motions are each one paragraph in length.

[4]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives de novo review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 15, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge