IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  12-cv-00383-WYD-KMT

THERON JOHNNY MAXTON, # 85599-071,

    Plaintiff,

v.

UNITED STATES OF AMERICA;
BOP DIRECTOR, Washington, D.C.;
T.K COZZA-RHODES, Warden F.C.I.;
CHARLES DANIEL, Warden F.C.I.;
S. COLLINS, Health Service, U.S.P.;
LT. ANTHONY, U.S.P. Florence,

    Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE**

    This matter is before the Court on several motions:  Plaintiff's "Motion for a Direct Order and Court Order Directing" (ECF No. 52), Plaintiff's "Motion for a Court Order Against Defendant TK Cozza-Rhodes Charles Daniels" (ECF No. 55), and Plaintiff's "Motion to Have These Letters to the President Sent to Secret Service Immediately Motion to Have P. Klein T.K. Cozza Rodes, Don Clark Lock Up Immediately" (ECF No. 53.)  These motions were referred to Magistrate Judge Boland.  He issued two Recommendations in connection with these motions.

    Magistrate Judge Boland first recommended on May 15, 2013, that Plaintiff's "Motion for a Direct Order and Court Order Directing" and "Motion for a Court Order Against Defendant TK Cozza-Rhodes Charles Daniels" be denied.  (Recommendation

of United States Magistrate Judge, ECF No. 71 ["May 15 Recommendation"], at 1-3.) He noted therein that the first motion, which was "largely incomprehensible", requests a restraining order to prevent several prison officials from being "around" Plaintiff and other requests regarding Plaintiff's mail.  (*Id.* at 1-2.)  The second motion seeks an "emergency" order against "T.K. Cozza-Rhodes" for directing prison officials to deny medical care to Plaintiff and orders directing that Plaintiff be sent to a medical hospital immediately, stopping Cozza-Rhodes from retaliating against Plaintiff, and directing that heat be turned on in Plaintiff's room.  (*Id.* at 2.)

Magistrate Judge Boland finds in the Recommendation that Plaintiff seeks both a temporary restraining order and a preliminary injunction, and that Plaintiff failed to establish that any of the elements required to obtain such relief were met.  (May 15 Recommendation at 3.)  Thus, he finds that Plaintiff did not sustain his burden to establish clearly and unequivocally his right to injunctive relief.  (*Id.*)

A second Recommendation was issued on May 29, 2013, addressing Plaintiff's motion that seeks, among other things, to have letters sent to the Secret Service.  That motion requests that the court send to the Secret Service and the Federal Bureau of Investigation two obscene letters addressed to the President of the United States. Plaintiff also requests that the court order the United States Marshal to arrest defendant T.K. Cozza-Rhodes and other non-parties and keep them from "coming around" him. (Recommendation of United States Magistrate Judge, ECF No. 73 ["May 29 Recommendation"] at 1.)  Magistrate Judge Boland recommended that this motion also be denied, finding that this motion also seeks injunctive relief and that Plaintiff failed to

establish any of the elements necessary for such relief.  (*Id.* at 1, 3.)  He also advised Plaintiff that he "may not use this action to seek an injunction concerning events and defendants that are unrelated to those asserted in the Amended Complaint" and that if he "wishes to assert a claim for injunctive relief regarding unrelated events and defendants, he must (after exhausting available administrative remedies) either file a separate complaint raising those issues or seek leave to amend his complaint to include those claims."  (*Id.*)

Both Recommendations advised that specific, written objections were due within fourteen (14) days after service of the Recommendation.  (May 15 Recommendation at 3 n. 4; May 29 Recommendation at 3 n. 2.)  No objections or responses were filed to the Recommendations.  No objections having been filed, I am vested with discretion to review the Recommendations "under any standard [I] deem[] appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

Having reviewed the Recommendations, I am satisfied that there is no clear error on the face of the record. I find that Magistrate Judge Boland correctly determined that Plaintiff did not meet the requirements for obtaining injunctive relief. Accordingly, I find that the Recommendations should be affirmed and adopted in their entirety.

Based upon the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge filed May 15, 2013 (ECF No. 71) is **AFFIRMED AND ADOPTED**. Consistent therewith, it is

ORDERED that Plaintiff's "Motion for a Direct Order and Court Order Directing" (ECF No. 52) and his "Motion for a Court Order Against Defendant TK Cozza-Rhodes Charles Daniels" (ECF No. 55) are **DENIED**. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge filed May 29, 2013 (ECF No. 73) is **AFFIRMED AND ADOPTED**. Consistent therewith, it is

ORDERED that Plaintiff's "Motion to Have These Letters to the President Sent to Secret Service Immediately Motion to Have P. Klein T.K. Cozza Rodes, Don Clark Lock Up Immediately" (ECF No. 53) is **DENIED**.

Dated: June 25, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge