IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00383-WYD-BNB

THERON JOHNNY MAXTON, # 85599-071,

Plaintiff,
v.

UNITED STATES OF AMERICA;
BOP DIRECTOR, Washington, D.C.;
T.K COZZA-RHODES, Warden F.C.I.;
CHARLES DANIEL, Warden F.C.I.;
S. COLLINS, Health Service, U.S.P.;
LT. ANTHONY, U.S.P. Florence,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the following:

(1) **Defendant United States and BOP Director's Motion to Dismiss for Lack of Jurisdiction** [Doc. #64, filed 04/30/2013] (the "United States' Motion"); and

(2) **Defendants Cozza Rhodes, Daniel, Collins, and Anthony's Motion to Dismiss** [Doc. #77, filed 06/10/2013] (the "Prison Officials' Motion").

I respectfully RECOMMEND that the United States' Motion be GRANTED IN PART and DENIED IN PART and that the Prison Officials' Motion be DENIED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will

ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff is currently incarcerated by the Federal Bureau of Prisons at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg").  He filed his Amended Prisoner Complaint on April 11, 2013 (the "Amended Complaint") [Doc. #60].  The Amended Complaint contains the following allegations:

1.  On August 23, 2011; September 13, 2011; and September 30, 2011, at the direction of defendant Collins, the plaintiff was beaten by defendant Anthony and three other prison officials. The plaintiff was handcuffed (behind his back) at the time. *Amended Complaint*, p. 5.[1]

2.  Collins slapped the plaintiff in the face while he was handcuffed. Id.

3.  These actions were taken against the plaintiff because he kept writing about the medical staff deliberately killing another inmate, Joseph Simpkins, in 2012, and for writing Senator Lindsey Graham to request that he require the defendants to send the plaintiff to a urologist. Id.

---

[1] The Amended Complaint is not consecutively paginated, and citation is to the page numbers of the Amended Complaint as they are assigned by the court's docketing system.

4. On September 30, 2011, Collins had defendant Daniel send the plaintiff "across the street" to "get killed." He was there for 48 days, and he was assaulted and chained to a bed for 11 days by defendant Cozza-Rhodes.[2] Id. at pp. 5, 6, 7.

5. Collins tried to have the plaintiff killed by having SIS R. Turner place inmate Wallace and defendant Anthony in a room with the plaintiff on September 13, 2011. Anthony gave Wallace a knife to stab the plaintiff. Id. at p. 5.

6. Defendant Daniel had Captain Willie Hutchinson and defendant Anthony put the plaintiff in a medical room on or about August 23, 2011. Daniel, Collins, and others took turns beating the plaintiff while he was handcuffed behind his back. This was done because the plaintiff refused to sign a form that said medical did not kill inmate Joseph Simpkins. Id.

7. Cozza-Rhodes had Daniel place the plaintiff in the "Smooth Program" at USP Lewisburg "out of retaliation." Id. at p. 8.

The plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The claims reiterate the background facts provided by the plaintiff on page five of the Complaint. Id. at pp. 6-8. Construing the Amended Complaint liberally, as I must, the plaintiff is asserting an Eighth Amendment claim for cruel and

---

[2]Because the plaintiff alleges that Collins is employed at USP and Daniel and Cozza-Rhodes are Wardens at FCI, a reasonable inference can be made that Collins had the plaintiff transferred from USP to FCI.

unusual punishment based on the above allegations.[3] The plaintiff seeks monetary damages and an order removing him from the Smooth Program. Id. at p. 10.

### III.  ANALYSIS

#### A.  THE UNITED STATES' MOTION

Defendants United States of America and BOP Director seek dismissal of the claims against them based on sovereign immunity. The defendants present a facial challenge to the Amended Complaint. Therefore, I accept the allegations of the Amended Complaint as true. Holt, 46 F.3d at 1003.

It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'" Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Sovereign immunity is a jurisdictional bar to suit. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

Bivens creates a cause of action only against federal officials in their individual capacities for money damages; it does not create a cause of action against the United States. Simmat v. United States Bureau of Prisons, 413 F.3d 1225, 1231 (10th Cir. 2005); Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001). In addition, claims against the BOP Director in his official capacity cannot proceed because "[t]here is no such animal as a Bivens suit against a public official tortfeasor in his or her official capacity." Id. Therefore, the United States'

---

[3]Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

Motion should be granted to the extent it seeks dismissal of the claims against the United States and the BOP Director in his official capacity for monetary damages.

However, the Tenth Circuit Court of Appeals has stated that the Administrative Procedure Act, 5 U.S.C. § 702, waives sovereign immunity in most suits for nonmonetary relief. Simmat, 413 F.3d at 1233. Section 702 provides:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

"This waiver is not limited to suits under the Administrative Procedure Act." Simmat, 413 F.3d at 1233.

Defendants United States of America and BOP Director filed their first motion to dismiss on June 25, 2012 [Doc. #29]. They argued, as they argue here, that the claims against them are barred by sovereign immunity. On March 6, 2013, I struck the Complaint; ordered the plaintiff to file an Amended Complaint which complies with Rule 8, Fed.R.Civ.P.; granted defendants Cozza-Rhodes, Daniel, Collins, and Anthony's motion for a more definite statement; and denied as moot the motion to dismiss filed by defendants United States of America and BOP Director. *Order issued March 6, 2013* [Doc. #58]. In doing so, I noted that Simmat holds that injunctive relief may be available against the United States and federal officials in their official capacity and that "[a]ny future motions based on sovereign immunity must include a meaningful discussion of Simmat." The defendants do not discuss Simmat, and I decline to make their arguments for them. The United States' Motion should be denied insofar as it seeks dismissal of

the claims against the United States and the BOP Director in his official capacity for injunctive relief.

The BOP Director, in his individual capacity, cannot be held liable in a Bivens action unless he caused or participated in an alleged constitutional violation. Kite v. Kelley, 546 F.2d 334, 337 (10th Cir. 1976). Respondeat superior is not within the purview of Bivens liability. Id. In order for a supervisor to be liable under Bivens, there must exist a causal connection or an affirmative link between the constitutional deprivation and the supervisor's personal participation or acquiescence. Id. Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

The only allegation against the BOP Director is found in the section of the Amended Complaint titled "Parties." The plaintiff alleges that the BOP Director "refuse to do anything once he were inform of the situation."[4] This allegation, without more, does not establish personal participation in a constitutional violation. See Davis v. Arkansas Valley Correctional Facility, 99 Fed.Appx. 838, 843 (10th Cir. 2004) (copying the warden on complaints about medical care, without more, does not sufficiently allege personal participation in a constitutional deprivation). Plaintiff's claim against the BOP Director in his individual capacity should be dismissed for failure to state a claim upon which relief can be granted.

**B. THE PRISON OFFICIALS' MOTION**

Defendants Cozza-Rhodes, Daniel, Collins, and Anthony seek dismissal of the Amended Complaint because it does not comply with Rule 8, Fed. R. Civ. P., and my order dated March 6,

---

[4]I have quoted the plaintiff's filings verbatim without correction or acknowledgment of error.

2013 [Doc. #58]. In my order of March 6, 2013, I struck the plaintiff's initial Complaint because he did "not make clear the actions or inactions of each defendant and how those actions or inactions violate any particular statutory or constitutional provision." I ordered the plaintiff to file an amended Complaint which complies with Rule 8 and my order. The plaintiff filed his Amended Complaint on April 11, 2013. I determined that the Amended Complaint complies with Rule 8 and my order, and I ordered the defendants to answer or otherwise respond to the Amended Complaint [Doc. #61].

As outlined above, the Amended Complaint alleges that the defendants took actions against the plaintiff in violation of the Eighth Amendment, including retaliation by Collins; beating and slapping by Anthony and Collins; transfer by Collins in an attempt to get the plaintiff killed; physical abuse by Cozza-Rhodes; placement by Collins in a room with an inmate who was armed by Anthony; and placement in a room by Daniel where the plaintiff was beaten by Daniel, Collins, and others. Although the plaintiff has not artfully pled his claims, he has alleged sufficient facts to put the defendants on notice of plausible claims against them. The defendants may, through discovery, flush out additional facts.

The Prison Officials' Motion should be denied.

## IV. CONCLUSION

I respectfully RECOMMEND:

(1) Defendant United States and BOP Director's Motion to Dismiss for Lack of Jurisdiction [Doc. #64] be GRANTED to the extent it seeks dismissal of the claims against the United States and the BOP Director in his official capacity for monetary damages and DENIED

insofar as it seeks dismissal of the claims against the United States and the BOP Director in his official capacity for injunctive relief;

(2)   The claim against the BOP Director in his individual capacity be dismissed for failure to state a claim upon which relief can be granted; and

(3)   Defendants Cozza-Rhodes, Daniel, Collins, and Anthony's Motion to Dismiss [Doc. #77] be DENIED.[5]

Dated October 8, 2013.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge

---

[5] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).