IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00383-WYD-BNB

THERON JOHNNY MAXTON, # 85599-071,

Plaintiff,

v.

UNITED STATES OF AMERICA;
BOP DIRECTOR, Washington, D.C.;
T.K COZZA-RHODES, Warden F.C.I.;
CHARLES DANIEL, Warden F.C.I.;
S. COLLINS, Health Service, U.S.P.;
LT. ANTHONY, U.S.P. Florence,

Defendants.
_____

**ORDER**
_____

This matter arises on the plaintiff's **Petition to Have Attorney Scott Varholak Take over this Case** [Doc. #116, filed 02/11/14] (the "Motion").  The Motion is DENIED.

The plaintiff requests that the court "allow attorney Scott Varholak to handle this civil action from this point forward . . . ."  Mr. Varholak is a Federal Public Defender and, so far as I know, not available to represent the plaintiff in this civil action.  If I am wrong and if Mr. Varholak wants to represent the plaintiff, he is free to enter his appearance.

The court has broad discretion in determining whether to appoint counsel in a civil case. DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993).  In deciding whether to appoint counsel, the following factors are considered: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the

complexity of the legal issues raised by the claims. <u>Rucks v. Boergermann</u>, 57 F.3d 978, 979 (10th Cir. 1995).

Here, plaintiff filed an Amended Complaint which amply presents his case. The factual and legal issues raised by the plaintiff's claims are not complex. In addition, the allegations of the Complaint do not convince me that the plaintiff's chances of succeeding on the merits are strong. Consequently,

IT IS ORDERED that the Motion is DENIED.

Dated February 18, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge