IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00383-WYD-BNB

THERON JOHNNY MAXTON, # 85599-071,

Plaintiff,

v.

UNITED STATES OF AMERICA;
BOP DIRECTOR, Washington, D.C.;
T.K COZZA-RHODES, Warden F.C.I.;
CHARLES DANIEL, Warden F.C.I.;
S. COLLINS, Health Service, U.S.P.;
LT. ANTHONY, U.S.P. Florence,

Defendants.

_____

**ORDER**
_____

This matter arises on **Defendants' Motion for Styay** [sic] **of Discovery Pending Plaintiff's Pending Criminal Proceedings** [Doc. #107, filed 01/23/2014] (the "Motion"). The Motion is GRANTED as specified.

The plaintiff currently is incarcerated by the Federal Bureau of Prisons ("BOP"). He filed his initial Complaint on February 13, 2012 [Doc. #1], and his Amended Prisoner Complaint on April 11, 2013 (the "Amended Complaint") [Doc. #60]. The Amended Complaint asserts claims for violations of the Eighth Amendment's prohibition against cruel and unusual punishment. It contains the following allegations:

1. On August 23, 2011, and September 13 and 30, 2011, at the direction of defendant Collins, the plaintiff was beaten by defendant Anthony and three other prison officials. The plaintiff was handcuffed (behind his back) at the time. *Amended Complaint*, p. 5.[1]

2. Collins slapped the plaintiff in the face while he was handcuffed. Id.

3. These actions were taken against the plaintiff because he kept writing about the medical staff deliberately killing another inmate, Joseph Simpkins, in 2012, and for writing Senator Lindsey Graham to request that he require the defendants to send the plaintiff to a urologist. Id.

4. On September 30, 2011, Collins had defendant Daniel send the plaintiff "across the street" to "get killed." He was there for 48 days, and he was assaulted and chained to a bed for 11 days by defendant Cozza-Rhodes.[2] Id. at pp. 5, 6, 7.

5. Collins tried to have the plaintiff killed by having SIS R. Turner place inmate Wallace and defendant Anthony in a room with the plaintiff on September 13, 2011. Anthony gave Wallace a knife to stab the plaintiff. Id. at p. 5.

6. Defendant Daniel had Captain Willie Hutchinson and defendant Anthony put the plaintiff in a medical room on or about August 23, 2011. Daniel, Collins, and others took turns beating the plaintiff while he was handcuffed behind his back. This was done because the plaintiff refused to sign a form that said medical did not kill inmate Joseph Simpkins. Id.

---

[1] The Amended Complaint is not consecutively paginated, and citation is to the page numbers of the Amended Complaint as they are assigned by the court's docketing system.

[2] Because the plaintiff alleges that Collins is employed at USP and Daniel and Cozza-Rhodes are Wardens at FCI, a reasonable inference can be made that Collins had the plaintiff transferred from USP to FCI.

7. Cozza-Rhodes had Daniel place the plaintiff in the "Smooth Program" at USP Lewisburg "out of retaliation." Id. at p. 8.

On October 7, 2013, the plaintiff was indicted on three counts of threatening to harm BOP officials and their families, including "threats related to" defendants Cozza-Rhodes, Daniels, and Anthony. The threats were made, in part, in a letter dated November 9, 2012, but encompass conduct proceeding that date. The plaintiff's criminal trial is set for May 13, 2014. The plaintiff has raised the issue of whether he is mentally competent to stand trial.

On January 22, 2014, I held a Scheduling Conference and entered a Scheduling Order which set a six month time frame for the completion of discovery. The defendants seek a stay of discovery until the criminal proceedings are completed. The plaintiff opposes a stay [Doc. #117].

The defendants state that the pendency of the criminal case raises concerns regarding their defenses and "counsel's ability to provide a zealous defense"; "their ability to fully inquire into matters that may be relevant to their defense of Plaintiff's civil claims" may be impeded; and the plaintiff's Fifth Amendment rights are implicated regarding his criminal case. The defendants further state that the plaintiff's criminal defense attorney shares the "concerns that discovery in this case may pose to Plaintiff's defense of the pending criminal charges."

The district courts in this circuit have considered the following factors when determining whether a stay is appropriate: (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal case, including whether defendant has been indicted; (3) the interests of, prejudices to, and burdens on the parties; (4) the interests of the Court; and (5)

the public's interest.[3]  E.g., AIG Life Ins. Co. v. Phillips, Civil Action No. 07-cv-00500-PSF-MEH, 2007 WL 2116383 at *2 (D.Colo. July 20, 2007).

The plaintiff has alleged in this case that defendants Cozza-Rhodes, Daniels, and Anthony harmed him in violation of his Eighth Amendment rights.  He has been indicted in his criminal case for threats "related to" these defendants.  Therefore, the facts of this case overlap with the facts of the criminal proceeding.  In addition, "a stay is more likely warranted if an indictment has already been issued because (1) the likelihood that [the plaintiff] may make incriminating statements is greatest after an indictment has issued, and (2) the prejudice to [the defendants] in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations."  Id. (internal quotations and citations omitted).  Finally, because the plaintiff is proceeding *pro se* in this action and has raised the issue of his mental competency to stand trial in his criminal action, his ability to protect his Fifth Amendment rights is of particular concern.  Although the parties, the court, and the public all have an interest in resolution of cases without unnecessary delay, the weight of the other factors warrants a limited stay of discovery.  Accordingly,

IT IS ORDERED:

(1)  The Defendants' Motion for Styay [sic] of Discovery Pending Plaintiff's Pending Criminal Proceedings [Doc. #107] is GRANTED;

(2)  Discovery is STAYED until June 1, 2014; and

---

[3] The case law typically addresses a civil defendant moving to stay a civil case until criminal proceedings against him are resolved.  Here, the civil defendants have moved to stay the civil case until criminal proceedings against the civil plaintiff/criminal defendant have been resolved.  I have adjusted the factors to reflect this difference.

4

(3) On or before June 1, 2014, the defendants shall file a status report concerning the status of the criminal proceedings.

Dated February 18, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge