IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  12-cv-00383-WYD-KMT

THERON JOHNNY MAXTON, # 85599-071,

    Plaintiff,

v.

UNITED STATES OF AMERICA;
BOP DIRECTOR, Washington, D.C.;
T.K COZZA-RHODES, Warden F.C.I.;
CHARLES DANIEL, Warden F.C.I.;
S. COLLINS, Health Service, U.S.P.;
LT. ANTHONY, U.S.P. Florence,

    Defendants.

---

## ORDER

---

    This matter is before the Court on Plaintiff's Motion for Injunction and Restraining Order filed November 25, 2013.  This motion was referred to Magistrate Judge Boland, who issued a Recommendation of United States Magistrate Judge ("Recommendation") and Order on December 3, 2013.  Also pending is a document entitled "Plaintiff Appealing Magistrate Judge Boland Granting the Defendant a Stay" filed February 28, 2014.  I construe this document as an objection to and appeal of Magistrate Judge Boland's Order of February 18, 2014.  I first address the Recommendation.

    By way of background, the Amended Complaint seeks relief for alleged violations of the Eighth Amendment by officials at prison facilities in Florence, Colorado. (Recommendation at 1.)  At the time the motion was filed, Plaintiff was incarcerated at

USP Lewisburg. His Motion for Injunction and Restraining Order seeks an order preventing officials at USP Lewisburg from harming him. (*Id.*)

Magistrate Judge Boland recommends that Plaintiff's Motion for Injunction and Restraining Order be denied. He finds that Plaintiff did not discuss the factors necessary to obtain injunctive relief, despite the fact that previous recommendations discussed in detail the showing required to establish the right to injunctive relief. (Recommendation at 1-2.) He further finds as a basis to deny Plaintiff's motion that it seeks an order directing non-parties to cease their behavior, and that he previously informed Plaintiff "that he 'may not use this action to seek an injunction concerning events and defendants that are unrelated to those asserted in the Amended Complaint.'" (*Id.* at 2.)

The Recommendation advised that specific, written objections were due within fourteen (14) days after service thereof. (Recommendation at 2 n. 1.) No objections were filed to the Recommendation within that time frame. When the Recommendation was returned to the Court as undeliverable, I ordered that the Recommendation be sent to Plaintiff at his new address. This was done on February 3, 2014. (*See* ECF Nos. 111-112.) Again, no objections were filed.

No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard,

when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b) Advisory Committee Notes.  Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I agree with Magistrate Judge Boland's analysis and adopt it in its entirety.

I now turn to Plaintiff's objection to and appeal of Magistrate Judge Boland's Order of February 18, 2014, which granted Defendants' Motion for Stay of Discovery Pending Plaintiff's Pending Criminal Proceedings.  The Order stayed discovery until June 1, 2014, and directed Defendants by that date to file a report concerning the status of the criminal proceedings.

Since Plaintiff's objection relates to a ruling on a nondispositive matter, I review the February 18, 2014 Order to determine whether it is "clearly erroneous or contrary to law".  Fed. R. Civ. P. 72(a).  The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the firm and definite conviction that a mistake has been committed.'"  Ocelot Oil Corp.  v. Sparrow Industries, 847 F.2d 1458, 1464 (10th Cir. 1996) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

Plaintiff argues in his objection that Defendants' motion to stay the proceedings is another delay tactic, and that a stay cannot help Defendants.  Further, he points out that the civil action was filed well before the criminal charges were filed.  I find that the

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

objection should be overruled. Magistrate Judge Boland conducted a thorough analysis in his Order of whether the case should be stayed, and considered the appropriate factors. He noted Plaintiff's allegations in this case that Defendants Cozza-Rhodes, Daniels, and Anthony harmed him in violation of his Eighth Amendment rights. In the criminal case, he was indicted for threats "related to" these Defendants. Thus, Magistrate Judge Boland correctly found that the facts of the two cases overlap. Plaintiff acknowledges this in his objection, stating that the criminal charges were filed due to what Defendants were doing to Plaintiff as alleged in this case. Another factor favoring stay as noted in Magistrate Judge Boland's Order was a concern about Plaintiff's ability to protect his Fifth Amendment rights. I find the analysis well-reasoned, and conclude that the February 18, 2014 Order granting a stay of discovery is not clearly erroneous or contrary to law. According, Plaintiff's objection is overruled.

Based on the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge filed December 3, 2013 (ECF No. 96) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Plaintiff's Motion for Injunction and Restraining Order (ECF No. 92) is **DENIED**. It is

FURTHER ORDERED that Plaintiff's Objection/Appeal of Magistrate Judge Boland's Order of February 18, 2014 (ECF No. 121) is **OVERRULED**.

Dated: April 14, 2014

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge