IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  12-cv-00383-WYD-KMT

THERON JOHNNY MAXTON, # 85599-071,

    Plaintiff,

v.

UNITED STATES OF AMERICA;
BOP DIRECTOR, Washington, D.C.;
T.K COZZA-RHODES, Warden F.C.I.;
CHARLES DANIEL, Warden F.C.I.;
S. COLLINS, Health Service, U.S.P.;
LT. ANTHONY, U.S.P. Florence,

    Defendants.

**ORDER**

    This matter is before the Court on the Recommendation of United States Magistrate Judge ["Recommendation"] issued June 16, 2014, to which Plaintiff filed objections, and Plaintiff's motions entitled (1) "Petition to Remove Magistrate Judge Boyd N. Boland from the Case and a Hearing Held, and for an Attorney" filed June 20, 2014, and (2) "Motion to Have the Judicial Committee and FBI Investigate Magistrate Judge Boyd N. Boland, Kathleen Tafoya" filed July 2, 2014.

    I first address the Recommendation.  It notes that Plaintiff's pro se Amended Prisoner Complaint asserts claims for violations of the Eighth Amendment's prohibition against cruel and unusual punishment.  (Recommendation at 1.)  It further notes that Plaintiff was indicted on counts of threatening to harm BOP officials and their families,

including "threats related to" Defendants Cozza-Rhodes, Daniels, and Anthony. (*Id.* at 2.)  On January 23, 2014, Defendants filed a motion seeking a stay of discovery until the criminal proceedings against Plaintiff are completed.  At that time, Plaintiff's criminal trial was set for May 13, 2014, and Plaintiff had raised the issue of whether he was mentally competent to stand trial. (*Id.* at 3.)  In the motion to stay, Defendants asserted that the pendency of the criminal case raises concerns regarding their defenses and implicates Plaintiff's Fifth Amendment rights. (*Id.*)  Plaintiff opposed a stay. (*Id.*)

Magistrate Judge Boland granted the motion to stay by Order of February 18, 2014, finding among other things that "the facts of this case overlap with the facts of the criminal proceeding" and that "because the plaintiff is proceeding *pro se* in this action and has raised the issue of his mental competency to stand trial in his criminal action, his ability to protect his Fifth Amendment rights is of particular concern." (Feb. 18, 2014 Order at 4.)  He stayed discovery until June 1, 2014, and ordered Defendants to file by that date a status report concerning the status of the criminal proceedings. (*Id.* at 4-5.)  Plaintiff filed objections to the Order staying the case on February 28, 2014, which I overruled by Order of April 4, 2014.

Defendants' status report filed on June 1, 2014 noted that the criminal trial was then scheduled for August 18, 2014. (Recommendation at 4.)  Defendants requested a further stay of discovery for the same reasons they requested the initial stay. (*Id.*)  Magistrate Judge Boland stated in his Recommendation that "[i]t appears uncertain when the plaintiff's criminal case finally will be resolved." (*Id.*)  Accordingly, he found that administrative closure of the case was appropriate under D.C.COLO.LCivR 41.2.

I first address the standard of review applicable to the Recommendation. As noted by Chief Judge Krieger of this court, "[t]he scope of review of objected-to portions of a Magistrate Judge's recommendations is determined by whether the recommendation is 'dispositive of a party's claim or defense.'" *Murphy v. Archuleta*, 06-cv-01899-MSK-KLM, 2009 WL 1456727, at *3 (D. Colo. May 2, 2009) (citing Fed. R. Civ. P. 72(a)). I agree with the analysis in *Murphy* that a recommendation to administratively close a case while awaiting resolution of a matter (in that case until the trial record was available) "is non-dispositive in nature, and the Court examines only whether the Magistrate Judge's findings and conclusions are clearly erroneous or contrary to law." *Id*.

Here, while Plaintiff asserts in his motion filed June 20, 2014, that Magistrate Judge Boland got "this case thrown out of court" or dismissed it, that is not true. Instead, the case is administratively closed subject to being reopened for good cause which, in this case, means resolution of the criminal case in state court. As in the *Murphy* case, "that Recommendation does not dispose of any claim or defense; all of the [Plaintiff's] current claims will remain available to him when" the criminal case is resolved "and the case is reopened." 2009 WL 1456727, at *3. Plaintiff's objections do not provide any ground to conclude that the Recommendation to administratively close the case in this manner was clearly erroneous or contrary to law.

Instead, Plaintiff's objections raise issues regarding alleged bias by Magistrate Judge Boland, arguing that he was against the Plaintiff from the start, especially after Plaintiff made threats to Magistrate Judge Tafoya. He further asserts that Magistrate

Judge Boland is taking bribes from Assistant United States Attorney Mark Pestal "to let him win this case." (Objections to the Magistrate Judge Recommendation, at 1.) Plaintiff's other two motions referenced earlier make similar assertions and ask that Magistrate Judge Boland be removed from this case, that a hearing be held on the issue of bias, that Plaintiff be provided an attorney, and that the Court order the Judicial Committee and FBI to investigate Magistrate Judges Boland and Tafoya.

I find that Plaintiff's objections should be overruled and his motions denied. First, it appears Plaintiff is under the mistaken impression that this case has been resolved against him. This is not accurate, as discussed earlier. The case is only being administratively closed pending the criminal action. No decision on the merits has been made. Second, to the extent Plaintiff argues bias on the part of Magistrate Judge Boland, his allegations are unsupported and speculative. "An unsubstantiated suggestion or personal bias or prejudice is insufficient to mandate recusal" of a judge. *Willner v. Univ. of Kansas*, 848 F.2d 1023, 1027 (10th Cir. 1988). Further, none of Magistrate Judge Boland's rulings suggest any bias; indeed, the stay of the case and subsequent administrative closure were to protect both parties' rights in the criminal case, including Plaintiff's Fifth Amendment rights. Finally, "[u]nfavorable judicial rulings do not in themselves call into question the impartiality of a judge." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge (ECF No. 125) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that this case is **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2, subject to reopening for good cause shown.  Good cause may be established by a request by either party to reopen the case after resolution of the criminal case against Plaintiff.  It is

FURTHER ORDERED that Plaintiff's Objections to the Magistrate Judge Recommendation (ECF No. 126) are **OVERRULED**.  It is

FURTHER RULED that Plaintiff's "Petition to Remove Magistrate Judge Boyd N. Boland from the Case and a Hearing Held, and for an Attorney" (ECF No. 127) is **DENIED**.  Finally, it is

ORDERED that Plaintiff's "Motion to Have the Judicial Committee and FBI Investigate Magistrate Judge Boyd N. Boland, Kathleen Tafoya" (ECF No. 128) is **DENIED**.

Dated:  October 10, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge