**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00383-WYD-NYW

THERON JOHNNY MAXTON, #85599-071,

Plaintiff,

v.

UNITED STATES OF AMERICA,
BOP DIRECTOR, Washington, D.C.,
T.K. COZZA-RHODES, Warden F.C.I.,
CHARLES DANIEL, Warden F.C.I.,
S. COLLINS, Health Service, U.S.P., and
LT. ANTHONY, U.S.P., Florence,

Defendants.

**ORDER**

Magistrate Judge Nina Y. Wang

This civil action comes before the court on Plaintiff Theron Maxton's Motion to Appoint Counsel [#131], filed January 28, 2015, and Plaintiff Theron Maxton's Motion for Sanctions [#134], filed February 2, 2015 (collectively, the "Motions"). Pursuant to the Order of Reference dated April 6, 2014 [#14] and the memorandums dated January 29, 2015 [#132] and February 3, 2015 [#136], the Motions are before this Magistrate Judge.

The court has considered the Motions, as well as the respective responses filed by the Defendants [#138, #139], the court file, and the relevant case law. From that review, the court has determined that oral argument would not materially assist in resolving the pending Motions. On October 10, 2014, the court previously ordered that this case be administratively closed

pursuant to D.C.COLO.LCivR 41.2, subject to reopening only for good cause shown. [#130]. "Good cause" was defined by the court as the resolution of Mr. Maxton's criminal case. [*Id.*]

In Mr. Maxton's Motion to Appoint Counsel, he states that his criminal case was "over with on January 22, 2015." [#131, at 1]. But Defendants argue that Mr. Maxton has not complied with D.C.COLO.LCivR 41.2 to reopen the case. [#138, at ¶ 3]. Local Rule 41.2 provides:

> A district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause. Administrative closure of a civil action terminates any pending motion. Reopening of a civil action does not reinstate any motion.

D.C.COLO.LCivR 41.2. Defendants further argue that Mr. Maxton "has not provided the Court with any basis at this time to establish that he is entitled to the relief requested. Plaintiff's request is also conclusory and entirely lacking in any factual or legal basis to warrant entry of judgment." [#138, ¶ 10]. Defendants do not, however, address whether Mr. Maxton's criminal case has been resolved.

This court construes the filings made by Mr. Maxton, a *pro se* prisoner, liberally. *See Hale v. Ashcroft*, 683 F. Supp. 2d 1189, 1196-97 (D. Colo. 2009) (citations omitted). Though not stated expressly, part of Mr. Maxton's Motion to Appoint Counsel appears to be a request to reopen the case due to the termination of his criminal case. [#131, at 1]. A review of the docket by this Magistrate Judge notes that a one-day trial was held on January 22, 2015. *See United States v. Maxton*, Case No. 13-cr-411-PAB. Nevertheless, it is unclear whether the criminal case has been finally resolved.

Therefore, IT IS ORDERED that Defendants file a Supplemental Response no later than April 3, 2015, addressing the issue as to whether Mr. Maxton's criminal matters related to this

civil action have been fully and finally resolved, and whether any additional circumstances exist that would merit a continued stay or administrative closure of this case. Mr. Maxton will then have up to and including April 17, 2015 to file a Reply.

DATED March 19, 2015                    BY THE COURT:

                                        s/ Nina Y. Wang
                                        United States Magistrate Judge