IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-00383-WYD-NYW

THERON JOHNNY MAXTON, # 85599-071,

    Plaintiff,

v.

UNITED STATES OF AMERICA;
BOP DIRECTOR, Washington, D.C.;
T.K COZZA-RHODES, Warden F.C.I.;
CHARLES DANIEL, Warden F.C.I.;
S. COLLINS, Health Service, U.S.P.;
LT. ANTHONY, U.S.P. Florence,

    Defendants.

---

## ORDER

---

    This matter is before the Court in connection with several motions and objections filed by Plaintiff.  Specifically, on April 13, 2015, Plaintiff filed a "Motion to Remove Magistrate [Judge] Nina Y. Wang from this Case", a motion seeking "Sanction Against Judge Wang for Commu[nicating] Only with the Defendants Attorneys", and a document entitled "Plaintiff Appealing Judge Wang Order Dated April 3 2015 to the Court of Appeal".  On April 20, 2015, Plaintiff filed a another appeal of Magistrate Judge Wang's April 3, 2015 ruling.  On that same date, the Tenth Circuit indicated that Plaintiff's appeals, although directed to the Tenth Circuit, need to be addressed by this Court.

    Turning to my analysis, I first address Plaintiff's appeals of Magistrate Judge Wang's Minute Order of April 3, 2015.  Magistrate Judge Wang found therein that the

case remains administratively closed as Plaintiff's criminal case has not yet concluded pending sentencing.[1]  Accordingly, she denied without prejudice Plaintiff's Motion to Appoint Counsel filed January 28, 2015, and Plaintiff's Motion for Sanctions filed February 2, 2015.  Magistrate Judge Wang's ruling was not dispositive of a party's claim or defense, since Plaintiff's claims and motions remain open to him upon resolution of the criminal case and the filing of a motion to reopen this case.  Thus, I examine only whether Magistrate Judge Wang's findings and conclusions are clearly erroneous or contrary to law.  See Murphy v. Archuleta, 06-cv-01899-MSK-KLM, 2009 WL 1456727, at *3 (D. Colo. May 2, 2009) (citing Fed. R. Civ. P. 72(a)).

Here, Plaintiff does not dispute that the criminal case remains open.  Indeed, he admits that he has not yet been sentenced.  Accordingly, Magistrate Judge Wang's finding that the case remains administratively closed is not clearly erroneous or contrary to law.  As such, I find that her denial without prejudice of Plaintiff's motions also was not error. While Plaintiff claims that Magistrate Judge Wang's ruling shows that she is prejudiced towards him, this is nothing other than unsupported conjecture based upon the fact that he does not like her ruling.  He has not shown that her rulings were clearly erroneous or contrary to law, and thus Plaintiff's appeals of the April 3, 2015 Minute Order are denied.

I next address Plaintiff's motions to remove Magistrate Judge Wang from this case and sanction her.  Plaintiff argues that Magistrate Judge Wang should be removed

---

[1] The case was administratively closed pending resolution of Plaintiff's pending criminal case by Order of October 10, 2014.

from the case because she has shown that she favors the Defendants and their attorney.  Plaintiff further asserts that he was informed by an attorney that Magistrate Judge Wang was new, that she always ruled against prisoners and especially blacks, and that she favored the government.  He further asserts in his motion for a sanction that he did not receive a copy of an Order of Magistrate Judge Wang, which he asserts proves that what the attorney told Plaintiff about Magistrate Judge Wang being biased is true.  I deny Plaintiff's motions.

I first note that Plaintiff has filed similar motions asserting bias against both the Magistrate Judges previously assigned to the case; namely, Magistrate Judges Boland and Tafoya.  Those motions were denied as Plaintiff's allegations of bias were unsupported and speculative, and I find the same analysis applies to Plaintiff's present motions.  "An unsubstantiated suggestion or personal bias or prejudice is insufficient to mandate recusal" of a judge.  *Willner v. Univ. of Kansas*, 848 F.2d 1023, 1027 (10th Cir. 1988).  The fact that Plaintiff was allegedly told that Magistrate Judge Wang was biased against prisoners is unsubstantiated hearsay, and is not supported by anything in the record.  The fact that Plaintiff did not receive an Order from the Court is unfortunate, but there is no evidence that this was anything other than mere happenstance, *i.e.,* mail sometimes does not make it to the intended recipient.  Finally, Magistrate Judge Wang's ruling that Plaintiff has appealed does not suggest any bias.  Indeed, as noted in my Order of October 10, 2014, the stay of the case and subsequent administrative closure were to protect both parties' rights in the criminal case, including Plaintiff's Fifth Amendment rights.  (ECF No. 130 at 4).  In any event, "[u]nfavorable judicial rulings do

not in themselves call into question the impartiality of a judge." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006).

Based on the foregoing, it is

ORDERED that Plaintiff's appeals of Magistrate Judge Wang's Order dated April 3, 2015 (ECF Nos. 146 and 147) are **DENIED**.  It is

FURTHER ORDERED that Plaintiff's "Motion to Remove Magistrate [Judge] Nina Y. Wang from this Case" (ECF No. 144) and Plaintiff's motion seeking a "Sanction Against Judge Wang for Communicating Only with the Defendants Attorneys" (ECF No. 145) are **DENIED.**  Finally, it is

ORDERED that this case remains administratively closed subject to being reopened for good cause shown as stated in my Order of October 10, 2014.

Dated:  May 29, 2015

                                                BY THE COURT:

                                                s/ Wiley Y. Daniel
                                                Wiley Y. Daniel
                                                Senior United States District Judge