**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00383-WYD-NYW

THERON JOHNNY MAXTON, #85599-071,

Plaintiff,

v.

UNITED STATES OF AMERICA,
BOP DIRECTOR, Washington, D.C.,
T.K. COZZA-RHODES, Warden F.C.I.,
CHARLES DANIEL, Warden F.C.I.,
S. COLLINS, Health Service, U.S.P., and
LT. ANTHONY, U.S.P., Florence,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

This civil action comes before the court on oral motions made Plaintiff Theron Johnny

Maxton ("Plaintiff" or "Mr. Maxton") and Defendants T.K. Cozza-Rhodes, Charles Daniel, S.

Collins, and Lieutenant Anthony:

    (1)    Motion for a Court Order against the Bureau of Prisons [#161, filed Oct. 5, 2015];

    (2)    Motion for an Order to have the Bureau of Prison explain to this court why they

Allowing Plaintiff to Be Denied Medical treatment [#164, filed Nov. 3, 2015];

    (3)    Motion for Court Order [#168, filed Nov. 23, 2015], seeking particular medical

treatment for prostate cancer and a bladder operation; and

    (4)    Motion to be Removed from this Smooth Program [#172, filed Dec. 10, 2015].

These motions were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order of Reference dated April 6, 2014 [#14], the Reassignment dated February 18, 2015 [#137], and the Memoranda dated October 6, 2015 [#162], November 3, 2015 [#165], November 23, 2015 [#169], and December 10, 2015 [#173].  Although not styled as such, this court interprets each of Plaintiff's Motions as a motion to amend his operative Amended Complaint [#60] and/or for preliminary relief, and accordingly, has determined that a Recommendation to the presiding judge, the Honorable Wiley Y. Daniel, is appropriate.  The court has reviewed the Parties' briefing and the applicable case law, and heard from the Parties during the Status Conference held on December 11, 2015.  Based on its review, this court respectfully RECOMMENDS that each Motion filed by Plaintiff be DENIED for the following reasons.

## BACKGROUND

Mr. Maxton originally filed this action on February 13, 2012, alleging that he was assaulted and beaten while in custody at the United States Penitentiary in Florence, Colorado. [#1].  On April 11, 2013, Mr. Maxton filed the operative Amended Complaint pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). [#60].  In his Amended Complaint, Plaintiff contends that on August 23, 2011; September 13, 2011; and September 30, 2011, at the direction of Defendant S. Collins ("Defendant Collins"), Defendant Lieutenant Anthony ("Defendant Anthony") and three other prison officials beat him while he was handcuffed with his hands behind his back.  [#60 at 5].  These actions were allegedly taken against him because he complained about the medical staff's deliberate killing of another inmate, Joseph Simpkins and because he wrote a letter to Senator Lindsey Graham to request that he be

treated by an urologist.   [*Id.*]   On September 30, 2011, Defendant Collins then had Defendant

Charles Daniel ("Defendant Daniel") send Mr. Maxton "across the street" to "get killed."[1]   [*Id.* at

5-7].   While there, he was assaulted and chained to a bed for 11 days by Defendant T.K. Cozza-

Rhodes ("Defendant Cozza-Rhodes").   [*Id.*].   He also alleges that he was subject to an attempt on

his life by another inmate and beatings from Defendant Daniel and Defendant Anthony.   [*Id.* at

5].   Defendant Cozza-Rhodes then had Defendant Daniel place Mr. Maxton in the "Smooth

Program" at United States Penitentiary in Lewisburg, Pennsylvania "out of retaliation."   [*Id.* at

8].   Mr. Maxton seeks monetary damages and injunctive relief removing him from the Smooth

Program. [*Id.* at 10].

On October 8, 2013, the Honorable Boyd N. Boland recommended that the court dismiss

the United States of American and the Director, Bureau of Prisons as named Defendants in this

action.   [#84].   On November 18, 2013, Judge Daniel adopted Magistrate Judge Boland's

Recommendation.   [#91].   Defendants Cozza-Rhodes, Daniel, Collins, and Anthony

(collectively, "Defendants") answered the Amended Complaint on December 30, 2013.   [#102].

Judge Boland entered a Scheduling Order in the case on January 22, 2014, which contemplated

that discovery would close on July 22, 2014.   [#104].   The following day, Defendants moved to

stay the case, pending the outcome of Plaintiff's criminal prosecution.   [#107].

Over Plaintiff's objection, Magistrate Judge Boland stayed discovery pending Mr.

Maxton's criminal trial arising from threats related to Defendants Cozza-Rhodes, Daniel, and

Anthony.   [#120].   On June 16, 2014, Magistrate Judge Boland then recommended that the case

be administratively closed subject to reopening at the conclusion of Mr. Maxton's criminal

---

[1] At times, this court directly quotes from Mr. Maxton's filings, and does so without regard to
any grammatical errors or misspellings, and without the use of [sic].

proceedings.   [#125].   Judge Daniel adopted the Recommendation on October 10, 2014, and administratively closed the case.  [#130].  The case was re-opened on August 20, 2015, after the conclusion of Mr. Maxton's criminal proceedings.  [#153].

Defendants filed a Status Report on September 1, 2015 [#158], and Mr. Maxton filed a Status Report on September 9, 2015 [#159].   Defendants reported that no discovery had been taken in the case.  In his Status Report, Mr. Maxton indicated that "the trial transcript will show that the Defendants admitted through other staff members and their inmates witness that all this happen to the Plaintiff."   [#159 at 1-2].  Plaintiff then proceeded to file the instant Motions, seeking court intervention to address various complaints about his current medical treatment, or lack thereof.   [#161; #164; #168].   In addition, Plaintiff continues to seek transfer from his current placement in the "Smooth Program."  [#172].

Defendants contend that this court should deny Plaintiff's Motions for various reasons. First, they note that the Bureau of Prisons is not a defendant to this action and contend that Mr. Maxton's various requests presented in the pending Motions are not directed at the named Defendants, but rather, at officials at his current placement at United States Penitentiary at Lewisburg, Pennsylvania.   [#163, #171].   Second, Defendants argue that Mr. Maxton's various requests are unrelated to the underlying cause of action presented in this litigation, and Mr. Maxton has not pled in his operative complaint that he has exhausted his administrative remedies under the Prison Litigation Reform Act ("PLRA").   [#163 at 2].   Third, Defendants argue that Mr. Maxton should not be able to "bootstrap" his current complaints about his conditions of confinement to the claim asserted in this action, which this court construes as an objection to amendment of Mr. Maxton's operative Amended Complaint and an extension of their argument

4

related to exhaustion.   [#163 at 3].   Fourth, Defendants argue that to the extent that Plaintiff seeks injunctive relief, the Defendants in their individual capacities cannot afford such relief. [#176 at 2].   Finally, Defendants also argue Plaintiff is not entitled to injunctive relief because he has failed to establish that he is likely to succeed on the merits of this litigation.   [#177 at 2].

The court held a Status Conference on December 11, 2015, during which time it set pretrial deadlines to govern this case.   The discovery cut-off is April 11, 2016; the dispositive motions deadline is May 11, 2016; and the Final Pretrial Conference is set for July 12, 2016. [#174].   The court also allowed the Parties to address Mr. Maxton's various Motions.   [*Id.*].   Mr. Maxton also made an oral motion for appointment of counsel, and Defendants' counsel made an oral motion to require Mr. Maxton to seek leave from the court prior to filing any additional motions.[2]   At that time, the court indicated that it would rule in writing on the pending Motions.

## ANALYSIS

I.   **Applicable Law**

A.   **The Court's Review of *Pro Se* Filings**

Plaintiff is proceeding *pro se*, and as a result, this court construes his filings liberally, but it cannot act as his advocate.   *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).   To that end, a court may not assume that a plaintiff can prove facts that he has not alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.   *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (A "[Court's] role is not to act as [pro se litigant's] advocate."); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("[T]he court

---

[2] This court will rule upon the Parties' oral motions in a separate Order.

will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.") (internal citation omitted).

### B.    Amendment of Pleadings & Joinder of Claims

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may only amend a pleading once as a matter of course within 21 days of serving that pleading, or if the pleading is one to which a responsive pleading is required, within 21 days of serving the responsive pleading.  Fed. R. Civ. P. 15(a)(1).  Otherwise, pleadings may only be amended with written consent of the opposing party, or with leave of court.  Fed. R. Civ. P. 15(a)(2).  While Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be freely given when justice so requires, *Forman v. Davis*, 371 U.S. 178, 182 (1962), this standard must be read in context of the PLRA and the restrictions imposed by 28 U.S.C. § 1915.  *See Green v. Denning*, No. 06-cv-3298-SAC, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009).

Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims.  Fed. R. Civ. P. 18(a).  The controlling principle of that Rule is that unrelated claims against different defendants belong in different suits.  *See Green*, 2009 WL 484457, at *2 (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).  This is particularly true in light of the restrictions put in place by the PLRA, including the requirement that a full payment of filing fees through partial payments over time is required and a "three strike" provision that prevents a prisoner from proceeding *in forma pauperis* if three or more cases have been dismissed as frivolous, malicious, or as stating no claim for relief.  *Smith v. Howell*, No. 14-cv-1374, 2015 WL 4878354, at *10 (W.D. Okla. June 23, 2015).  This court takes judicial notice that Mr. Maxton is subject to the "three strikes" rule of the PLRA.  [#7]; *see also Maxton v. Director South Carolina Dep't of*

6

*Corrections*, No. 9:11-1403-DCN-BM, 2011 WL 2981311, *1 (D.S.C. Jun. 17, 2011) (citing to various district court orders reflecting that Mr. Maxton is subject to the PLRA's "three strikes" rule).

**C.   PLRA**

In their Responses to Plaintiff's Motions, Defendants contend that Mr. Maxton failed to exhaust his administrative remedies under the PLRA, 42 U.S.C. § 1997e(a). Defendants bear the burden of proving the affirmative defense that Plaintiff failed to exhaust available administrative remedies. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). The PLRA requires prisoners to exhaust administrative remedies before filing a civil rights action. The statute provides, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or specific episodes. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (holding that prisoners must exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint). Exhaustion of administrative remedies is mandatory and is intended to give corrections officials an opportunity to address complaints internally before initiation of a federal lawsuit. *See Woodford*, 548 U.S. at 93. Exhaustion is an affirmative defense, which necessitates that Defendants meet the burden of proving it by a preponderance of the evidence. *Roberts*, 484 F.3d at 1241.

### D.      Preliminary Injunction

As reflected in prior Recommendations issued in this case, a party seeking preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In addition, three types of preliminary injunctions are traditionally disfavored: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) *aff'd & remanded sub nom. Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006). Because these types of preliminary injunctions go beyond the traditional purpose of preserving the status quo until trial, they are more closely scrutinized and a party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms. *See id.* Granting such "drastic relief," *United States ex. rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

## II.    Plaintiff's Motions Related to His Current Medical Treatment

Plaintiff's Motions are all related to his current medical treatment, or lack thereof.  The Motions include Plaintiff's Motion for Order to have Bureau of Prisons give him his asthma medication [#161]; Motion for Order to have the Bureau of Prison explain to this court why they Allowing Plaintiff to Be Denied Medical treatment [#164]; and Motion for a Court Order [#168] seeking to be brought back to Littleton Colorado to receive medical treatment for prostate cancer and a bladder operation.  Mr. Maxton also seeks to be removed from the Smooth Program, in part due to denial of appropriate medical treatment.  [#172].  These claims in the Motions are unrelated to the claim in Mr. Maxton's operative Amended Complaint [#60], and as the government notes, are directed at individuals who are not defendants in this matter.  To the extent that Mr. Maxton's Motions [#161; #164; #168; #172] are construed as motions to amend his Amended Complaint to include complaints about the deficiencies in his medical treatment, this court respectfully RECOMMENDS that the Motions [#161; #164; #168; #172] be DENIED consistent with Rule 18(a)'s controlling principle that "unrelated claims against different defendants belong in different suits."  *See Green*, 2009 WL 484457, at *2.  To allow Mr. Maxton to proceed in this action on these new and unrelated claims would permit allow him to avoid paying the filing fees required for separate actions and to circumvent the three strikes provision under the PLRA.  *See Smith v. Howell*, No. 14-cv-1374-HE, 2015 WL 9957355, at *8 (W.D. Okla. Nov. 24, 2015).[3]

---

[3] While Defendants also contend that Mr. Maxton has not exhausted his administrative remedies for the claims in the Motions, the court does not reach that issue here because of its determination that such claims are not properly before the court in this civil action.

### III.     Plaintiff's Motions as Preliminary Injunctions

As discussed above, any claims for deliberate indifference with respect to Mr. Maxton's current medical treatment are not properly before this court in this action.  Accordingly, to the extent that Plaintiff's Motions are interpreted as Motions for a Preliminary Injunction related to this action, the court must consider them in the context of what is pled in the Amended Complaint, *i.e.*, that he was assaulted and beaten by Defendants in retaliation for making statements regarding the purported intentional killing of Joseph Simpkins and for writing a letter to Senator Lindsey Graham about his medical treatment [#60], not his current allegations about being deprived certain medical treatment for his asthma, prostate cancer, and bladder condition. Mr. Maxton seeks affirmative orders from the court to direct Defendants to provide certain medical treatment [#161, #164]; that he seeks immediate transfer back to Littleton, Colorado for certain medical treatment [#168], or that he seeks the ultimate injunctive relief pled in this case, *i.e.*, immediate transfer out of the Smooth Program [#172].  These requests for preliminary relief that change the status quo are the type that are disfavored and require a stronger showing under Tenth Circuit law.  *See O Centro*, 389 F.3d at 975.

This court finds that Mr. Maxton has failed to carry his burden of making a strong showing of the likelihood of success on the merits on the Eighth Amendment violation as pled in the Amended Complaint [#60].  While Mr. Maxton contends that the "Plaintiff Trial transcript will show that BOP officials testified that Plaintiff were chain to a bed and Denied medical treatment and to see an urology, the only thing they didn't Admitt, to were killing I/M Josph Simpkins" [#172 at 1], no such evidence has been provided by Plaintiff for the court to consider in weighing whether there is a likelihood of success on the merits.  Accordingly, to the extent

that these Motions are interpreted as Motions for a Preliminary Injunction, this court respectfully RECOMMENDS that they be DENIED due to Plaintiff's failure to carry his burden of making a strong showing of a likelihood of success on the merits on the claim as pled in the Amended Complaint.

## CONCLUSION

For the foregoing reasons, this court respectfully **RECOMMENDS** that:

(1)   The Motion for a Court Order against the Bureau of Prisons [#161] be **DENIED**;

(2)   The Motion for an Order to have the Bureau of Prison explain to this court why they Allowing Plaintiff to Be Denied Medical treatment [#164] be **DENIED**;

(3)   The Motion for Court Order [#168] be **DENIED**; and

(4)   The Motion to be Removed from this Smooth Program [#172] be **DENIED**.[4]

---

[4] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED February 5, 2016                    BY THE COURT:


                                          s/ Nina Y. Wang
                                          United States Magistrate Judge