# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00383-WYD-NYW

THERON JOHNNY MAXTON, #85599-071,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
BOP DIRECTOR, Washington, D.C.,
T.K. COZZA-RHODES, Warden F.C.I.,
CHARLES DANIEL, Warden F.C.I.,
S. COLLINS, Health Service, U.S.P., and
LT. ANTHONY, U.S.P., Florence,

    Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff's Motion for Order for Physical and Mental Examination, filed on February 11, 2016 [#182], which was referred to this court pursuant to 28 U.S.C. § 636(b)(1), the Order of Reference dated April 6, 2014 [#14], the Reassignment dated February 18, 2015 [#137], and the Memorandum dated February 12, 2016 [#183].  Defendants responded to Plaintiff's Motion on March 7, 2016 [#184].  This court has reviewed the entire case file as well as the applicable case law, and has determined that further reply or oral argument would not materially assist the court in resolving the issue at hand.  Accordingly, pursuant to D.C.COLO.LCivR 7.1(d), the court hereby DENIES Plaintiff's Motion for Order for Physical and Mental Examination.

## ANALYSIS

The factual background of this case has been discussed in numerous court orders, and will only be recounted here to provide a sufficient basis to understand the court's ruling herein. Mr. Maxton originally filed this action on February 13, 2012, alleging that he was assaulted and beaten while in custody at the United States Penitentiary in Florence, Colorado. [#1]. While Mr. Maxton alleges that he sustained serious injuries associated with the beating, he does not allege that the medical condition that he is currently complaining of, *i.e.*, prostate cancer, is a result of the underlying incident. As this court noted in its previous order, to the extent that Mr. Maxton seeks to amend his operative pleading to include complaints regarding his current medical condition, this court respectfully recommended that such amendment not be permitted as it would allow Plaintiff to circumvent the requirements of the Prison Litigation Reform Act, including exhaustion of administrative remedies and the application of the "three strikes" rule to Mr. Maxton. *See* [#180].

Through the instant Motion for Order of Physical and Mental Examination, Plaintiff now seeks an independent medical examination under Rule 35 of the Federal Rules of Civil Procedure. [#182]. Defendants again argue that Mr. Maxton is not entitled to an independent medical examination under Rule 35 because the "the issue that Plaintiff raises in his motion is not germane to the underlying claims." [#184]. Defendants further argue that "Plaintiff fails to cite any legal authority that would permit this Court to order that Plaintiff undergo an IME pursuant to Fed. R. Civ. P. 35. That rule pertains to a request by an opposing party to compel a medical examination of another party." [*Id.*].

While this court liberally interprets Mr. Maxton's papers because he is proceeding *pro se*, "Plaintiff's pro se status does not relieve him of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law." *See Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012). Rule 35 of the Federal Rules of Civil Procedure provides that a court may order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. Fed. R. Civ. P. 35(a). Generally, Rule 35 applies to compelled examinations of a party usually employed by an opposing party, rather than voluntary examinations. *See Silverstein v. Federal Bureau of Prisons*, No. 07-cv-02471-PAB-KMT, 2009 WL 1451684, at *4 (D. Colo. May 20, 2009). Indeed, the weight of the authority from courts across the country indicates that Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." *See Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003); *McKenzie v. Nelson Coleman Correctional Ctr.*, Civil Action No. 11-0268, 2012 WL 3779129, at *2-*3 (D. La. Aug. 31, 2012) (collecting cases). Nor does Mr. Maxton address who will pay for the costs of such an examination. Mr. Maxton has not shown any financial ability to pay for such a medical examination on his own, and given his *in forma pauperis* status, it seems unlikely that he has the financial means within his inmate account to cover the cost of an independent medical examination. Neither Rule 35 nor 28 U.S.C. § 1915 provide this court any authority to require Defendants or the court to pay for an independent medical examination. *See Savajian v. Milyard*, No. 09-cv-00354-CMA-BNB, 2009 WL 5126581, at *1 (D. Colo. Dec. 17, 2009); *Hooper v. Tulsa Cty. Sheriff Dept.*, 113 F.3d 1246, 1997 WL 295424, at *2 (10th Cir. June 4, 1997) (holding that 28 U.S.C. § 1915 does not provide

for payment of any costs or fees that are not expressly provided for by Congress); *McKenzie*, 2012 WL 3779129, at *3. Mr. Maxton has not provided any authority to the contrary.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Order for Physical and Mental Examination [#182] is **DENIED**.

DATED March 15, 2016         BY THE COURT:

s/ Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge