IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  12-cv-00383-WYD-KMT

THERON JOHNNY MAXTON, # 85599-071,

    Plaintiff,

v.

UNITED STATES OF AMERICA;
BOP DIRECTOR, Washington, D.C.;
T.K COZZA-RHODES, Warden F.C.I.;
CHARLES DANIEL, Warden F.C.I.;
S. COLLINS, Health Service, U.S.P.;
LT. ANTHONY, U.S.P. Florence,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge filed February 6, 2016, involving a number of Plaintiff's Motions, as well as Plaintiff's motion to have Magistrate Judge Wang removed from the case filed on January 25, 2016.  I first address the latter motion.

    A.    <u>Motion for Removal</u>

Plaintiff seeks to have Magistrate Judge Wang removed from the case asserting, among other things. that she has shown favoritism to United States Assistant Attorney Mark Pestal, has refused to do anything about Mr. Pestal's failure to file a response to one of Plaintiff's motions by a certain deadline, and has refused to rule on certain motions.  I deny Plaintiff's motion, as he has not shown that a reasonable person,

knowing all the facts, would harbor doubts about Magistrate Judge Wang's impartiality. *See Estate of Bishop v. Equinox Intern. Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001).

As to Plaintiff's complaint about favoritism to Mr. Pestal, his allegations are conclusory and unsupported. *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1204 (10th Cir. 2006) ("'unsubstantiated suggestions, speculations, [and] opinions,' are insufficient to establish even the appearance of any bias, prejudice, or misconduct that would warrant judicial recusal"). I note that Plaintiff filed previous motions to remove Magistrate Judge Wang and other magistrate judges assigned to the case, which were also denied because Plaintiff's allegations of bias were unsupported or speculative. *See* Order of May 29, 2015 (ECF No. 149). Second, there is no requirement that a judge wait for a response to be filed to rule on a motion. Indeed, D.C.COLO.LCivR 7.1(d) specifically states that despite the deadlines therein for responding and replying to a motion, nothing in the rule "precludes a judicial officer from ruling on a motion at any time after it is filed." Finally, delays attributable to the judge are not generally sufficient grounds for disqualification. *Estate of Biship*, 256 F.3d at 1058; *see also Kennedy v. Meacham*, 540 F.2d 1057, 1060 (10th Cir. 1976). In any event, Magistrate Judge Wang has now issued a ruling on the motions that Plaintiff referenced in his motion in her Recommendation of February 6, 2016. Accordingly, Plaintiff's motion to have Magistrate Judge Wang removed from the case is denied.

  B. Recommendation of February 6, 2016

Plaintiff filed a Motion for a Court Order Against the Bureau of Prisons on October 5, 2015; a "Motion for an Order to have the Bureau of Prisons Explain to this Court Why

They [sic] Allowing Plaintiff to Be Denied Medical Treatment" on November 3, 2015; a Motion for a Court Order seeking particular medical treatment for prostate cancer and a bladder operation on November 23, 2015; and a "Motion to Be Remove [sic] from this Smooth Program" on December 10, 2015.  These motions were referred to Magistrate Judge Wang for a recommendation.

A Recommendation of United States Magistrate Judge was issued on February 6, 2016.  Magistrate Judge Wang interpreted each of Plaintiff's motions as a motion to amend his operative Amended Complaint and/or for preliminary relief, and recommended that the motions be denied.  (Recommendation at 2.)  She found that the claims in the motions are all related to his current medical treatment, or lack thereof.  (*Id.* at 9.)  As such, they are unrelated to the claims in Plaintiff's operative Amended Complaint and are directed at individuals who are not defendants in this matter.  (*Id.*)  Thus, to the extent that Plaintiff's motions are construed as motions to amend the complaint to include claims about the deficiencies in his medical treatment, Magistrate Judge Wang recommends that the motions be denied "consistent with Rule 18(a)'s controlling principle that 'unrelated claims against different defendants belong in different suits.'" (*Id.*) (citing *Green v. Denning*, No. 06-cv-3298-SAC, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009)).  She stated that to allow Plaintiff to proceed in this action on these new and unrelated claims would "allow him to avoid paying the filing fees required for separate actions and to circumvent the three strikes provision under the PLRA." (*Id.*)

The Recommendation also found that to the extent the motions were interpreted as motions for preliminary injunction, any claims for deliberate indifference with respect

-3-

to Plaintiff's current medical treatment are not properly before the Court. (Recommendation at 10.) Magistrate Judge Wang found that the motions must be considered in the context of what is pled in the Amended Complaint, and that Plaintiff failed to carry his burden of making a strong showing of the likelihood of success on the merits on the Eighth Amendment claim as pled therein. (*Id.*)

The Recommendation advised that specific, written objections were due within fourteen (14) days after service of the Recommendation. (Recommendation at 11 n. 4.) No objections were filed to the Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record").[1] *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I agree with Magistrate Judge Wang's analysis and adopt it in its entirety.

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

III.     CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion to Remove Judge Wang From This Case filed January 25, 2016 (ECF No. 179) is **DENIED.**  It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge filed February 5, 2016 (ECF No. 180) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that the following motions are  **DENIED**:

Plaintiff's Motion for a Court Order Against the Bureau of Prisons filed October 5, 2015 (ECF No. 161);

"Motion for an Order to have the Bureau of Prisons Explain to this Court Why They [sic] Allowing Plaintiff to Be Denied Medical Treatment" filed November 3, 2015 (ECF No. 164);

Motion for a Court Order filed November 23, 2015 (ECF No. 168); and

"Motion to Be Remove [sic] from this Smooth Program filed December 10, 2015 (ECF No. 172).

Dated:  March 31, 2016

>                    BY THE COURT:
>
>                    s/ Wiley Y. Daniel
>                    Wiley Y. Daniel
>                    Senior United States District Judge